ALVICE C. SHEPPARD, Respondent, *v.* ANDERSON STARRETT, Appellant.

1. *Pleading—Answer—Inconsistent Defences.*—When the answer to a petition upon a promissory note denied the execution of the instrument, and also pleaded payment of the consideration for which the note was given, the second defence should be stricken out.
2. *Evidence—Exclusion.*—It is error in the court to exclude from the jury testimony pertinent to the issues.

*Appeal from Lawrence Circuit Court.*

*Ewing* and *Belch*, for appellant.

I. The court erred in excluding the deposition of Funk from the jury. It had some tendency to sustain the allega-

tions in the answer, and to disprove the averments of the petition. He states positively that he was present when the contract was made, and was called on to witness it.

II. If the part of the answer stricken out constituted in itself a good defence to the action, it was error to strike it out because of a supposed inconsistency with other matter constituting a defence. If such defences were inconsistent, defendant might have been required to elect upon which he would rely.

T. A. *Sherwood*, for respondent.

The court very properly sustained the motion to strike out all that portion of Starrett's answer which did not relate to the execution of the note. That was the only issue between plaintiff and defendant in the court below; any thing else was mere irrelevant and redundant matter, and, as said motion truly recites, irresponsive to the allegations of the petition; and, taken with the denial of the execution of the note, is double. (R. C. 1855, p. 1236, § 31–2.)

BAY, Judge, delivered the opinion of the court.

This was an action to recover the amount of a promissory note alleged to have been executed by defendant for the sum of eleven hundred dollars, payable to the order of plaintiff, and dated September 19th, 1861. The petition after praying judgment, states that the note was given for a tract of land which is therein particularly described. The defendant in his answer first denies that he ever made or executed the instrument of writing sued on, and then proceeds to state that he bought the land (mentioned in the petition) of plaintiff, and received from him a deed of conveyance for the same; that the consideration of said sale was eleven hundred dollars, which amount he paid plaintiff; six hundred dollars in gold, and the balance in personal property, consisting of a two-horse wagon and harness and two mares. On motion of the plaintiff, so much of the answer as relates to the sale of the land and the payment of the consideration

money was stricken out; to which action of the court defendant duly excepted.

Plaintiff then introduced as witnesses his two daughters, Sarah Sheppard and Emma Sheppard, both of whom testified that they saw defendant execute the note at their father's house; the last named witness further testifying, that the defendant was to give plaintiff for the place two mares, one wagon, and eleven hundred dollars. Another witness testified that in the latter part of September, 1861, defendant told him that he had given to plaintiff a note for eleven hundred dollars. Upon this testimony the court permitted the note to be read in evidence.

The defendant read in evidence the deposition of Thomas Funk, who testified that in the fall of 1861, he and defendant went to the house of plaintiff, and while there plaintiff proposed to sell his place to defendant, and asked defendant what he would give for it; defendant said he did not like to price any man's property. Plaintiff then asked him to make him a bid, and defendant said: I do not like to buy any property now, but I will give you my wagon and horses and six hundred dollars for your land, hogs, cattle, crop and sheep, with the exception of what you can haul away in two wagons. Plaintiff then turned to his wife and asked her if she would trade, and then said he would take it, and called on deponent to witness the same. On cross-examination, deponent further stated that he did not see any money or property delivered to plaintiff, nor any note drawn between them.

After the reading of the deposition the plaintiff moved the court to exclude the same from the consideration of the jury, upon the ground that it was irrelevant; which motion was sustained, and to the ruling of the court therein defendant duly excepted. Other testimony was introduced tending to show that the consideration for the sale of the land was eleven hundred dollars; part to be paid in money and part in property, in nearly equal amounts, and that the property had been delivered to plaintiff.

Judgment was rendered for the plaintiff for the full amount

of the note with interest, whereupon defendant filed his motions for a new trial and in arrest, both of which were overruled, and the cause is brought here by appeal. Several instructions were given and refused; but in the argument of the case here no point is made with reference to them, but the grounds upon which the appellant relies for a reversal of the judgment is the ruling of the court in striking out part of defendant's answer, and in withdrawing from the consideration of the jury the deposition of Thomas Funk.

We are of opinion that the court committed no error in striking out so much of defendant's answer as related to the sale of the land, for it tendered an immaterial issue in the case. He had plead *non est factum*, and the only issue which the court could try, was whether the defendant had executed the note. A party will not be permitted to deny the execution of a note, and in the same answer allege payment, for the defences are inconsistent—one denying that the plaintiff ever had any cause of action, and the other admitting it. The only mode in which the defendant could avail himself of the facts so stricken out, was to offer them as evidence upon the trial, as bearing upon the issue made by the plea of *non est factum*.

But we think the court committed error in excluding the deposition of Funk. The theory of the plaintiff was, that the defendant was to pay him for the land eleven hundred dollars in money and the wagon and two mares. The theory of the defendant was, that he agreed to pay eleven hundred dollars, five hundred of which was to be paid by the delivering to the plaintiff of his wagon, harness and two mares, and that the property had been delivered, and six hundred dollars paid in gold.

If the defendant's theory is correct, then no occasion or reason exists for executing a note of eleven hundred dollars, and the defendant is entitled to the benefit of any presumption that may arise from that fact. The testimony of Funk had a direct bearing upon the issue, for he was present when the parties agreed to trade, and proves the terms upon which

they agreed to trade. We do not pretend to say what import-ance is to be attached to his testimony; for if it has any bearing whatever upon the issue, it was error to exclude it.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.