MAY *et al.*, *Administrators, Appellants*, v. BURK.

1. **Practice** : PARTIES : FOREIGN ADMINISTRATORS. Foreign administrators cannot sue in the courts of this State; but if such defect of parties is not taken advantage of in the trial court by demurrer or answer, it will be deemed to be waived, and objection cannot be raised for the first time in the Supreme Court.

2. **Pleading** : SEVERAL DEFENSES. The several pleas of *non est factum* as to the instrument sued on, payment of another debt on a different note only appearing in suit by pleading and evidence tending to show why defendant is not liable on the note sued on, and the statute of limitations, do not constitute inconsistent defenses.

3. A CASE where the defendant is not incompetent as a witness, neither of the original parties to the contract in controversy being dead.

4. **Execution of Contract, when Question for Jury.** Where the evidence is conflicting upon the question of the execution of a contract, it should be submitted to the jury for determination.

5. **Principal** : SURETY : SUBROGATION. Where the purchaser of bank stock borrowed the money with which to pay for the same, giving his note therefor with personal security, the stock to be retained in the bank as further security to the payee of the note, and, after the death of the principal, the payee obtains judgment against the surety, such surety, as soon as he shall have paid the judgment, is entitled to be subrogated to the rights of the creditor in the principal's stock.

6. ———— . ———— If the administrators of the deceased principal

paid the judgment against his surety with the proceeds of the sale of the bank stock, upon the agreement of the surety to refund to them any excess of liabilities of decedent's estate over assets, then the surety was not a creditor of the estate, and the agreement was without consideration.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

*John R. Christian* for appellants.

This suit is on a bond given by Burk to James May and James Doolin, and it can be maintained as a personal action between these parties, and all that part of the petition about being administrators' acts may be treated as surplusage. *Thomas v. Relfe*, 9 Mo. 377. The question of the right of plaintiffs to maintain this action was not raised in the lower court, and it is too late to raise it in this court. The fourth instruction asked by plaintiffs ought to have been given, as there was no evidence to show that Burk had a lien on the bank stock. The answer of defendant is inconsistent. *Thornton v. Irwin*, 43 Mo. 153 ; *Sheppard v. Starratt*, 35 Mo. 367. The entire testimony of Burk, save that part where he said he never signed the bond, ought not to have been admitted. The fact that the evidence is strongly for the plaintiffs, is a matter that deserves due consideration.

*Kimbrough & Terrill* for respondent.

The court did not commit error in refusing the fourth, fifth and sixth instructions asked by plaintiffs, and in giving the sixth asked by defendant. *Clements v. Yeates*, 69 Mo. 623. It was competent for defendant to testify to the agreement and arrangement made with him by plaintiffs, after they had been appointed administrators of the estate of V. P. Moore, deceased. R. S. 1879, p. 687, § 4010 ; *Allen*

*v. Allen*, 26 Mo. 331; *Leeper v. McGuire*, 57 Mo. 361. Where there is any evidence to support the verdict of the jury, or where the evidence is conflicting, this court will not reverse upon mere weight of evidence. *Grove v. City of Kansas*, 75 Mo. 672; *Hodges v. Black*, 76 Mo. 537; *Roach v. Colburn*, 76 Mo. 653. Inasmuch as appellants received their appointment and qualification as administrators of the estate of V. P. Moore in Kentucky, they have no authority to sue as such in this State. *Morton v. Hatch*, 54 Mo. 411. And as this objection is apparent upon the face of the record, this court will examine it. *Bateson v. Clarkson*, 37 Mo. 34, 35; *State to use, etc., v. Mason*, 38 Mo. 489.

Ewing, C.—Plaintiffs alleged they were appointed administrators of V. P. Moore in Kentucky. That one Wm. Gibson held Moore's note for $2,500, on which defendant, Burk was security; that Gibson sued Burk on the note and obtained judgment for $2,583.35; that on the same day the defendant, Burk, executed and delivered to plaintiffs the following contract:

" Whereas, James May and James Doolin, administrators of V. P. Moore, deceased, have this day settled a judgment in the Pulaski circuit court in favor of William Gibson against me on a note for $2,500, with interest and cost, to which I was surety for said Moore. Now, I hereby bind and obligate myself to pay back and refund to said administrators my due proportion of any excess of liabilities over assets, should said estate not be solvent in proportion to the amount they have this day paid on said debt, October 7th, 1871.　　　　　　　　　　　　　　　　　S. Burk."

That Moore's estate only paid 74½ per cent on the dollar, and ask judgment against Burk for the difference between that sum and 100 cents on the dollar. The material part of defendant's answer was as follows:

" Defendant avers that the note aforesaid was executed to William Gibson by V. P. Moore as principal, and the defendant, Burk, as surety, to enable Moore to obtain money

with which to pay for bank stock for which he had sub-
scribed in the National Bank of Summerset, located in Pu-
laski county, Kentucky, and that at the time of execution
of said note to said Gibson, it was agreed and understood
by and between the said V. P. Moore, William Gibson and
this defendant, that said bank stock was to remain in said
bank, with the officers thereof, as additional security to
said Gibson on said note, until the same was paid, and that
said V. P. Moore, before defendant would become his sur-
ety on said note, agreed with this defendant that said bank
stock should remain in said bank as additional security for
said note to said Gibson for the benefit of this defendant,
and to save him harmless on said note until the same should
be paid by said Moore, or in case of a sale of said bank
stock before said note was paid, that the proceeds of the
sale should be applied to the payment of said note; that he
signed said note as surety for Moore in consideration of
said agreement."

The plaintiffs, as administrators of Moore's estate, paid
the said note to Gibson on the 7th day of October, 1871, by
a transfer of said bank stock to said Gibson in pursuance
of the said contract of the said V. P. Moore, deceased.

Defendant alleges in his amended answer that he de-
manded "that the proceeds of said bank stock should be
applied to the payment of the said note to said William
Gibson in pursuance of the said agreement; that said pay-
ment of said judgment was made by said administrators,
because they well knew that it was their duty under the
law to satisfy said judgment; denies that defendant exc-
cuted his agreement in writing to plaintiffs, binding him to
refund and pay to plaintiffs any portion of said $2,583.35;
denies that he ever executed the instrument sued on; that
as to whether, under the laws of Kentucky, plaintiffs can
at any time within five years after the discovery of an error
in over-paying a creditor of an estate under administration,
recover the same from said creditor, he has no knowledge
or information sufficient to form a belief, but avers that he

is not now, and has not been, since the death of said Moore, a creditor of his estate, and avers that plaintiffs have never paid him any money as a creditor of said estate; denies that plaintiffs used reasonable, fair and proper diligence in winding up and settling up said estate, and, with such speed as the natureof the case would admit; denies plaintiffs' allegation that they used fair and proper diligence as administrators."

Defendant alleged in his amended answer, "that said estate was amply sufficient to pay all indebtedness against it, if the same had been properly and faithfully managed by plaintiffs; that plaintiffs' alleged cause of action has not accrued within the last five years, next before, bringing of this suit, and, that he pleads the statute of limitations as a bar to plaintiffs' recovery." The reply was a general denial of new matter in the answer.

I.   This is a suit by foreign administrators, as appears by the petition, which might have been taken advantage of by the defendant, in the court below, by demurrer or answer, but which not being done, it is too late to raise the question here.   *Chouteau v. Burlando*, 20 Mo. 483 ; *Morton v. Hatch*, 54 Mo. 408; *State ex rel. v. Berning*, 74 Mo. 87 ; *St. L., I. M. & S. R. R. Co. v. Anthony*, 73 Mo. 431; *Reugger v. Lindenberger*, 53 Mo. 364; R. S. 1879, § 3519.

II.   The plaintiffs demurred to the answer, because as alleged, it did not state a defense to the action, if true ; that the answer is inconsistent in its various defenses, etc., and cites as authority 35 Mo. 367, *Sheppard v. Starrett*.   In that case it was held that in a suit on a note, the defenses of *non est factum*, and payment are inconsistent, and not permissible. But there is no such question presented here.   In the case at bar, the defendant pleads *non est factum*, as to the instrument sued on, and payment of another debt on a different note, and, which only appears in this suit by pleading, and evidence tending to show why the defendant is not liable in this suit.   Defendant also pleads the statute of limitations, which is in no wise inconsistent with his other

defenses.    The defendant first alleged a state of facts which, if true, was a good defense.    He then denied the execution of the instrument sued on, and, thirdly, the statute of limitations.    *Rhine v. Montgomery*, 50 Mo. 566; *Little v. Harrington*, 71 Mo. 390; R. S. 1879, § 3513, 3532.    The demurrer was properly overruled.

III.    The court did not err in permitting the defendant Burk to testify.    This was not a suit on a cause of action, where one of the original parties to the contract is dead. The instrument sued on is alleged to have been made by the defendant, and delivered to the plaintiffs.    R. S. 1879, § 4010.

IV.    The court below did not err in instructing the jury. The evidence was conflicting on the question of the execution of the contract; that question was, therefore, properly submitted to the jury, and they found for the defendant.

V.    The evidence very strongly tends to prove the facts alleged in the answer, to-wit:    That the note given to Gibson was for money borrowed by Moore with Burk as security, and, that the money was used to pay for stock in a bank which Moore purchased; that this bank stock was to be retained in the bank as further security to Gibson; that after Gibson got the judgment against Burk on the note, the plaintiffs then agreed with Burk to pay it off, and did pay it by a sale of the bank stock to Gibson, at a small premium.    These being the facts, there is no doubt, but that Burke was entitled to be substituted to the rights of the creditor, Gibson, in Moore's stock, as soon as he could pay off the judgment.    These facts also show, that Moore's administrators paid off Moore's debt with his bank stock, and hence, Burk never was a creditor of the estate, and there was no consideration for the agreement sued on, even if it was executed by Burk.    If Burk had paid the Gibson judgment, he would then have been entitled to be substituted for the creditor, Gibson.    Moore's bank stock would have then belonged to Burk, to the extent of the debt paid by him, and the residue, if any, would go to Moore's

administrators. *Miller v. Woodward*, 8 Mo. 169; *Allison v. Sutherlin*, 50 Mo. 274.

The judgment below is affirmed. All concur.