## BUDER et al. v. BECKER.

### No. 14154.

United States Court of Appeals
Eighth Circuit.

Nov. 24, 1950.

Taylor Sandison, St. Louis, Mo. (Arthur U. Simmons, Clayton, Mo., on the brief), for appellants.

William E. Buder, St. Louis, Mo. (William W. Crowdus, St. Louis, Mo., and Walter J. Schuwerk, Evansville, Ill., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff (appellee), the Illinois executor of the estate of Herman C. Becker, deceased, in a case involving the validity and effect of a written contract for the sale and delivery of 1,000 shares of the capital stock of Burroughs Adding Machine Company. Jurisdiction was based on diversity of citizenship, and the case was tried to the District Court without a jury. The facts out of which the controversy arose and the issues which were tried and decided are accurately and adequately stated by the District Court in its opinions in Becker v. Buder, 88 F.Supp. 609, and 88 F.Supp. 616, and will not be repeated.

The judgment determined that the plaintiff is the legal owner of the shares of stock in suit, which the court found had

been sold to Herman C. Becker by G. A. Franz (now deceased) on June 21, 1933, under written contract, and which shares Franz and Gustavus A. Buder, as trustees of a trust created by Sophie Franz (also now deceased), agreed in writing to deliver to Becker when the trust estate should be distributed.

The judgment also determined that as against the defendants, Gustavus A. Buder and Arthur U. Simmons, as individuals and fiduciaries, the plaintiff is entitled to possession of the certificates representing the shares of stock in suit out of the estate of G. A. Franz, and that 20,000 shares of the stock of the Burroughs Adding Machine Company now held by Buder and Simmons, as administrator of the estate of G. A. Franz, which shares were on March 30, 1940, ordered by the District Court distributed to Simmons, as administrator, "are as much subject to being applied on the aforesaid sale" of the 1,000 shares by Franz to Becker as they were on March 30, 1940.

The judgment states that a determination cannot now be made as to priorities of claims against the shares of stock in the hands of Buder and Simmons, because of the pendency of other litigation involving the trustees of the trust of Sophie Franz and final distribution of her estate, and that the District Court retains jurisdiction for the purpose of determining priorities.

The judgment enjoined Buder and Simmons from disposing of any of the stock of Burroughs Adding Machine Company in their hands belonging to the estate of G. A. Franz, without an order of the court; and required Simmons, as administrator of that estate, to account to the plaintiff for all dividends collected or credited to him since July 30, 1939, upon the shares of stock of Burroughs Adding Machine Company found to be subject to delivery to the plaintiff. There are other provisions in the judgment, to which it is not necessary to refer.

The defendants Buder and Simmons, as individuals and fiduciaries, have appealed. They challenge the validity of the judgment upon the grounds that (1) the plaintiff, as a foreign executor, was without capacity to sue; (2) the second amended complaint failed to state a claim upon which relief could be granted; (3) an indispensable party was not joined; (4) the action was premature, there was no anticipatory breach of the contract sued upon, and no actual controversy between the parties; (5) the court admitted incompetent evidence over objection; (6) the plaintiff's evidence was unsubstantial; and (7) the determination that the plaintiff is the legal owner of the shares of stock is inconsistent with the ruling that priorities among claimants must be determined before he can receive them.

We shall not indulge in an extended discussion of the points argued by the appellants, but will consider them in their inverse order, and briefly state our conclusions.

We find no vital inconsistencies in the judgment. It determines, in effect, that the plaintiff is entitled to have the shares of stock which were sold by G. A. Franz to Herman C. Becker, when and if they become available for delivery. The appellants are not in a position to complain of that.

The evidence of the plaintiff was not unsubstantial or incredible. The District Court was the trier of the facts, the credibility of the witnesses, and the weight of the evidence. Its findings are not "clearly erroneous" and are binding on this Court.

Whether the District Court admitted incompetent evidence is a matter of no consequence, since there was sufficient competent evidence to support its findings. In Builders Steel Co. v. Commissioner of Internal Revenue, 8 Cir., 179 F.2d 377, 379, this Court said: "In the trial of a non-jury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that

314

the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. Thompson v. Carley, 8 Cir., 140 F.2d 656, 660; Doering v. Buechler, 8.Cir., 146 F.2d 784, 786; Grandin Grain & Seed Co. v. United States, 8 Cir., 170 F.2d 425, 427."

■ The District Court was justified in finding an anticipatory breach of the contract. The appellants had failed or refused to recognize the existence or validity of the contract and the right of the plaintiff to recover the shares of stock. It is obvious from the record that there was an actual controversy between the parties.

■ In the plaintiff's second amended complaint he listed the claims which had been filed and allowed against the estate of G. A. Franz, based upon assignments or pledges of shares of stock of the Burroughs Adding Machine Company constituting his proportion of the shares of such stock in the Sophie Franz trust. Among the claimants listed was E. A. Buder. The plaintiff asked for no relief against E. A. Buder and did not attack the validity of his claim. The appellants assert that he was an indispensable party. We do not agree. Compare Wesson v. Crain, 8 Cir., 165 F.2d 6, 8–10. Under its retained jurisdiction, the District Court will be able to protect the rights of E. A. Buder. We think that the second amended complaint stated a claim upon which relief could be granted and the rights of the plaintiff determined.

■ The doubtful question in this case is whether the plaintiff, as a foreign executor, had capacity to maintain this action in Missouri upon a Missouri contract for the sale of shares of stock having a situs in Missouri. The general rule in that State is that a foreign executor is without capacity to sue. See Turner v. Alton Banking & Trust Co., 8 Cir., 166 F.2d 305, 307 and cases cited. The District Court recognized this general rule, but concluded that Sec. 272, Mo.R.S.A.,[1] as reenacted in 1943, Sec. 272, Laws of Missouri 1943, p. 128, § 1, created an exception and authorized the maintenance of an action such as this by a foreign executor in the situation of the plaintiff. See pages 611–612 of 88 F.Supp., and 88 F.Supp. 616. The District Court, on page 619 of 88 F.Supp., said·

1. "§ 272. *Administration of estates of non-resident decedents— how and when made*

"No letters of administration shall be granted upon the estate of any decedent non-resident as to any shares of stock, bonds, credits or choses in action except upon the application of a creditor within this State or upon the showing to the Court by an ancillary administrator within this State that the lands and other personal property of such decedent within this State will not be sufficient to discharge the debts of such estate. Such application or showing shall be made in the probate court of that county in Missouri in which letters of administration might otherwise be granted, within a period of six months after the granting or refusal of letters upon the estate of such decedent at his domicile, or in the event no order refusing letters is made nor administration had upon the estate of such decedent at his domicile, then within six months after the date of death of such decedent. Unless before the expiration of such period of time an ancillary administrator within this State, pursuant to application or showing as herein provided, has made a demand for transfer, payment or delivery upon the issuer, obligor or debtor of or upon such shares of stock, bonds, credits, or choses in action, such shares of stock, bonds, credits or choses in action may be transferred, paid or delivered to or in the name of the domiciliary executor or administrator or upon his order, or to any heir, legatee, distributee or other person entitled thereto; and the person, firm or corporation or agents thereof making such transfer, payment or delivery shall not be liable for the debts of or claims against any such decedent or his estate by reason of having made such transfer, payment or delivery. Any letters granted upon the application of a creditor under the terms of this·section shall be revoked immediately upon showing to the court the satisfaction in any manner of the debt upon which such application was granted, together with all other claims, and debts filed on or before the date of such satisfaction and the payment of all court costs and fees of such proceedings. Reenacted, Laws 1943, p. 128, § 1."

"To deny the domiciliary administrator a forum to enforce his rights in the assets, in Missouri, of the non-resident decedent, and at the same time deny right of ancillary administration on those assets in Missouri, would lead to taking property without due process of law. That conclusion we avoid if possible.

"Defendants assert they have found no case interpreting Section 272 in accordance with our opinion deciding this case. On the other hand we have found no case and defendants have cited none interpreting the statute contrary to our holding. It is a comparatively new statute."

The appellants argue that the reasoning of the District Court is fallacious and that its construction of the statute is wrong. However, they can point to no Missouri decision which places a different construction upon the statute. They say that it was clearly intended to provide a remedy for such inequitable situations as were dealt with in Crohn v. Clay County State Bank, 137 Mo.App. 712, 118 S.W. 498, and Troll v. Third National Bank of St. Louis, 278 Mo. 74, 211 S.W. 545. In the Crohn case a bank which had paid to the Iowa executor of the estate of a deceased Iowa depositor the amount of the decedent's deposit was required to pay it again to a public administrator who had been put in charge of the nonresident decedent's estate by a Missouri probate court. In the Troll case it was held that a Missouri public administrator was, as against the Illinois executor of the estate of a deceased Illinois stockholder of a St. Louis bank, entitled to the shares of stock owned by the decedent, although the stock certificate was in Illinois.

The appellants say that Sec. 272, Mo.R.S. A.; "was to provide a means whereby a Missouri resident or corporation holding stocks, bonds, or credits in favor of a nonresident who died, could safely, if desired, transfer those stocks, bonds, or credits, to a foreign executor, after a six-months' period had been allowed to enable Missouri creditors to assert their claims."

■ If this case had come to us originally, we might, in reliance upon the general Missouri rule, have accepted the appellants' construction of the statute. It is apparent, however, that the question of the plaintiff's capacity to sue is a doubtful question of Missouri law. It has been decided adversely to the appellants by a Missouri federal judge who is entirely competent to rule upon such a question and who has given it painstaking consideration. His views as to the meaning and intent of Sec. 272 are not logically untenable and are not opposed to any Missouri decision or to natural justice. Fuerst v. Noell, 8 Cir., 156 F.2d 257, 259. Whether the Missouri courts will accept the construction of the statute given it by the trial judge is problematical.

In Russell v. Turner, 8 Cir., 148 F.2d 562, 564, this Court said that, upon a doubtful question of local law, it would not adopt a view contrary to that of the trial judge, unless convinced of error, and that "All that this court reasonably can be expected to do in reviewing cases governed by state law is to see that the determination of the trial court is not induced by a clear misconception or misapplication of the law." [2]

2. See, also: Magill v. Travelers Ins. Co., 8 Cir., 133 F.2d 709, 713; Roth v. Swanson, 8 Cir., 145 F.2d 262, 266, 268; Doering v. Buechler, 8 Cir., 146 F.2d 784, 788; Railway Mail Ass'n v. Chamberlin, 8 Cir., 148 F.2d 206, 208; Globe Indemnity Co. v. Wolcott & Lincoln, Inc., 8 Cir., 152 F.2d 545, 547; Anderson-Tully Co. v. Murphree, 8 Cir., 153 F.2d 874, 877; Michigan Fire & Marine Ins. Co. v. National Surety Corp.; 8 Cir., 156 F.2d 329, 333; Central Nebraska Public Power & Irrigation Dist. v. Tobin Quarries, Inc., 8 Cir., 157 F.2d 482, 483; Elder v. Dixie Greyhound Lines, Inc., 8 Cir., 158 F.2d 200, 205; Abbott v. Arkansas Utilities Co., 8 Cir., 165 F.2d 339, 340; Zuckerman v. McCulley, 8 Cir., 170 F.2d 1015, 1019; Heikes v. New York Life Ins. Co., 8 Cir., 171 F.2d 460, 464; Mast v. Illinois Central R. Co., 8 Cir., 176 F.2d 157, 163; Traders & General Ins. Co. v. Powell, 8 Cir., 177 F.2d 660, 668; Brink's Inc. v. Hoyt, 8 Cir., 179 F.2d 355, 359; Northern Liquid Gas Co. v. Hildreth, 8 Cir., 180 F.2d 330, 336; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 141; Morgan v. Finnegan, 8 Cir., 182 F.2d 649, 650; Nolley v. Chicago, M., St.

We are not convinced that the District Court's construction of Sec. 272, Mo.R.S.A., is erroneous or due to a misconception or misapplication of Missouri law.

The judgment appealed from is affirmed.

P. & P. R. Co., 8 Cir., 183 F.2d 566, 572; Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 499, 61 S.Ct. 643, 85 L.Ed. 971; Reitz v. Mealey, 314 U.S. 33, 39, 62 S.Ct. 24, 86 L.Ed. 21; MacGregor v. State Mutual Life Assurance Co., 315 U.S. 280, 281, 62 S.Ct. 607, 86 L.Ed. 864; Helvering v. Stuart, 317 U.S. 154, 163, 63 S.Ct. 140, 87 L. Ed. 154; Steele v. General Mills, Inc., 329 U.S. 433, 439, 67 S.Ct. 439, 91 L.Ed. 402; Estate of Spiegel v. Commissioner of Internal Revenue, 335 U.S. 701, 707–708, 69 S.Ct. 301, 93 L.Ed. 330; Propper v. Clark, 337 U.S. 472, 486–489, 69 S. Ct. 1333, 93 L.Ed. 1480.