**Ofelia BLUM, Administratrix of the Estate of Ralph H. Blum, Deceased, Plaintiff,**

v.

**Garnette SALYER, Defendant.**

**Civ. A. No. 17003-3.**

United States District Court
W. D. Missouri, W. D.

May 1, 1969.

Alvin D. Shapiro, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiff.

Billy S. Sparks, Linde, Thomson, Van-Dyke, Fairchild & Langworthy, Kansas City, Mo., for defendant.

## ORDER SUSTAINING DEFENDANT'S MOTION TO DISMISS AND JUDGMENT OF DISMISSAL

BECKER, Chief Judge.

In this cause, plaintiff sues as administratrix of the Estate of Dr. Ralph H. Blum, which estate is numbered 2521 in the "Court of the County Judge, Martin County, Florida." Her claim is that on or about December 1, 1961, the decedent and the defendant (then married to the decedent and then known as Garnette Blum) conveyed in trust to defendant, as trustee, certain lands situated in Jackson County, Missouri, which are fully described in the petition; that defendant gave the decedent no consideration for said conveyance; that defendant fraudulently induced decedent to convey the said lands by falsely stating and promis-

ing that she would hold the lands in trust for him; that thereafter defendant has "wilfully and wrongfully failed and refused to convey legal title to decedent and/or his successors and representatives"; that "defendant has held legal title to and managed said properties under the aforesaid trust obligation but has not accounted to decedent, or to his successors and representatives, although it has been demanded she do so; defendant has refused to render an accounting"; and that "defendant has refused to convey legal title to plaintiff as administratrix of decedent's estate, although it has been demanded she do so."

By her motion filed herein on January 15, 1969, the defendant moves to dismiss this claim on the ground that it is not cognizable under Missouri law, which holds generally that foreign executors and administrators are not competent to sue in Missouri courts under the *lex fori*. Naylor's Administrator v. Moffatt, 29 Mo. 126; May v. Burk, 80 Mo. 675; Gregory v. McCormick, 120 Mo. 657, 25 S.W. 565; Wells v. Davis, 303 Mo. 388, 261 S.W. 58; In re Thompson's Estate, 339 Mo. 410, 97 S.W.2d 93. Such disqualification is applicable in a suit brought in a federal court in Missouri based on diversity of citizenship, which is the present case. Turner v. Alton Banking & Trust Co. (C.A.8) 166 F.2d 305; Buder v. Becker (C.A.8) 185 F.2d 311. "It is well settled that a personal representative of a deceased person cannot maintain an action in his official capacity in a state other than that wherein he was appointed, except in circumstances where express permission is granted by statute." Fitch v. Firestone (D.R.I.) 184 F.Supp. 424. See also Moore v. Mitchell, 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673; 1 Restatement, Conflict of Laws, § 507; 31 Am.Jur.2d, Executors and Administrators, § 680.

Section 507.020 of the Missouri Revised Statutes, 1959, V.A.M.S., gives the executor, administrator, guardian, guardian *ad litem* or other person empowered by the laws of another state power to sue in a representative capacity whenever a claim exists for the incapacitated person under the law of said other state. As plead in this complaint, however, the alleged fraudulent inducement of the conveyance by defendant would not be a claim existing under the law of the state of Florida, but rather under the law of the state of Missouri.

> "It is a principle recognized and inflexibly applied in every country governed by the common law, that the transfer of real property is exclusively governed by the laws of the *situs rei*, whether in relation to the capacity of the owner to transfer, the solemnities necessary to a valid transfer, or the title of the transferee."

First National Bank of Attleboro v. Hughes, 10 Mo.App. 7, 13–14; see also Booth v. Scott, 276 Mo. 1, 38, 205 S.W. 633; State v. Clark, 178 Mo. 20, 21, 76 S.W. 1007 (1903); Keith v. Keith, 97 Mo. 223, 228, 10 S.W. 597. See also 1 Restatement, Conflict of Laws § 377, to the effect that the place of the wrong where land is involved is the *situs rei*.

Plaintiff contends that the motion to dismiss must be denied because (1) all the realty listed in the complaint as having been conveyed in trust to defendant has since been converted to personalty and (2) because Section 473.691 RSMo. Amended Laws 1967, V.A.M.S., "allows persons holding the assets of a non-resident decedent to hand them over to a foreign administrator without liability." The cited section reads as follows:

> "Any person, firm or corporation upon whom no demand has been made by a personal representative or other person authorized by this state to collect a nonresident decedent's personal property *may*, at any time sixty days or more after his death, transfer, pay or deliver personal property of the nonresident decedent to the foreign personal representative or, if none, to such other person as may be entitled thereto, under the laws of said foreign state, and shall not be liable for the debts of or claims against the nonresi-

dent decedent or his estate by reason of having made the transfer, payment or delivery." (Emphasis added.)

The emphasized language of the statute would seem to indicate the optional character of the statutory privilege of the holder of the personal property. It does not give the foreign representative a right to compel payment or delivery. Defendant, however, cites the 1949 case of Becker v. Buder (E.D.Mo.) 88 F.Supp. 609, 612, which held that this language did indeed give the foreign administrator the right to sue. It was the reasoning of that court that:

"If we hold the domiciliary executor or administrator cannot sue, as he is here doing, we accuse the Legislature of having created a situation *where there can be no local administrator with a right to the property in issue* and where the foreign administrator is powerless, if delivery of the personalty due him under the statute is not voluntarily made." (Emphasis added.)

Under the statutory scheme in effect at the time of this decision, Section 272, RSMo. 1939, prohibited local administration of the shares of stock (which the *Buder* case was concerned with, in a case where there were no other assets in the estate), bonds, credits, or choses in action in a nonresident decedent's estate except upon the application of a creditor or upon a showing by an ancillary administrator within the state that the personal property or lands of the decedent in the state would not be sufficient to discharge the outstanding debts:

"*Administration of estates of non-resident decedents—how and when made.*

"No letters of administration shall be granted upon the estate of any decedent non-resident as to any shares of stock, bonds, credits or choses in action except upon the application of a creditor within this State or upon the showing to the Court by an ancillary administrator within this State that the lands and other personal property of such decedent within this State will not be sufficient to discharge the debts of such estate. Such application or showing shall be made in the probate court of that county in Missouri in which letters of administration might otherwise be granted, within a period of six months after the granting or refusal of letters upon the estate of such decedent at his domicile, or in the event no order refusing letters is made nor administration had upon the estate of such decedent at his domicile, then within six months after the date of death of such decedent. Unless before the expiration of such period of time an ancillary administrator within this State, pursuant to application or showing as herein provided, has made a demand for transfer, payment or delivery upon the issuer, obligor or debtor of or upon such shares of stock, bonds, credits, or choses in action, such shares of stock, bonds, credits or choses in action may be transferred, paid or delivered to or in the name of the domiciliary executor or administrator or upon his order, or to any heir, legatee, distributee, or other person entitled thereto; and the person, firm or corporation or agents thereof making such transfer, payment or delivery shall not be liable for the debts of or claims against any such decedent or his estate by reason of having made such transfer, payment or delivery. Any letters granted upon the application of a creditor under the terms of this section shall be revoked immediately upon showing to the court the satisfaction in any manner of the debt upon which such application was granted, together with all other claims, and debts filed on or before the date of such satisfaction and the payment of all court costs and fees of such proceedings."

However, the presently existing statutory scheme regarding the administration of the personalty of a nonresident permits local administration not authorized by the section of the 1939 statutes relied on by the court in Buder v. Becker,

*supra.* This is made clear by Section 473.671, RSMo, which provides that "[t]he courts of this state have jurisdiction over all tangible and intangible property of a nonresident decedent having a situs in this state," and Section 473.668 providing for the original administration of the local assets of a nonresident decedent "as if the decedent were a resident." See also Section 473.684, providing that the "personal representative of a nonresident decedent appointed by a court of the state is entitled to possession of all personal property of the decedent within the jurisdiction of this state." Clearly this gives the foreign personal representative no claim either arising under the law of the foreign state or by way of an express statutory exception to the general rule that foreign executors or administrators cannot sue under Missouri law.

■ A recent article in the Journal of Missouri Bar, written by an advocate of the statute giving local persons, firms, or corporations the option of handing personal property of a nonresident decedent over to his foreign administrator after the passage of 60 days without a demand from a local administrator, points out that it was the purpose of the statute to encourage out-of-state use of Missouri banks and trust companies. See Berry, "New Legislation Affecting Probate Practice" Sept. 1967 J.Mo.Bar at 393. Plaintiff concedes, in her brief, that the drafters of the provision did not have the decision in Buder v. Becker, *supra*, in contemplation when the said provision was drafted. Further, the Eighth Circuit affirmed the *Buder* decision (see Buder v. Becker (C.A.8) 185 F.2d 311), saying that "[i]f this case had come to us originally, we might, in reliance upon the general Missouri rule [that a foreign executor is without capacity to sue], have accepted the appellant's construction of the statute", on the ground that the decision was a permissible view of the state law as it then stood, which was not then "clearly erroneous". The *Buder* case therefore is inconsistent with the present statutory scheme, which provides for complete original administration locally. Where such procedures are provided, the *situs* of the intangible has the constitutional right to administer it, to the exclusion of all other states, and particularly to the exclusion of the decedent's domicile. Smith v. Union Bank of Georgetown, 5 Pet. 518, 30 U.S. 518, 8 L.Ed. 212; Vaughan v. Northup, 15 Pet. 1, 40 U.S. 1, 10 L.Ed. 639; Blackstone v. Miller, 188 U.S. 189, 23 S.Ct. 277, 47 L.Ed. 439; Baker v. Baker, Eccles & Co., 242 U.S. 394, 37 S.Ct. 152, 61 L.Ed. 386; State of Iowa v. Slimmer, 248 U.S. 115, 39 S.Ct. 33, 63 L.Ed. 158; Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885. A recent Kansas case, In re DeLano's Estate, 181 Kan. 729, 315 P.2d 611, decided before the existing statutory scheme of Missouri was enacted, concerned the Kansas decedent's bonds, notes, bank accounts, and stock certficates in Missouri. The Kansas Supreme Court held that an order of the probate court holding the resident executrix responsible for such assets was correctly stricken down by the Kansas district court because, owing to the erstwhile Missouri statutes, "she did not have [the assets] and had no way of obtaining them." The state Supreme Court concluded:

"We therefore hold in view of the foregoing authorities that the courts of Missouri have jurisdiction to administer upon the intangible property in question and that the courts of Kansas do not have jurisdiction to administer upon such intangible property, unless the state of Missouri cedes its jurisdiction over such property to the domiciliary executrix in Johnson County, which it may or may not do. Laws of Missouri 1951, p. 882, § 466.010, V.A.M.S. § 473.667, provide for the administration of estates of nonresident decedents, and after such administration has been conducted and the claims of local creditors allowed and paid.

' * * * any balance remaining shall be paid and delivered over either to the

foreign domiciliary executor or administrator, if any, or to the legatees under decedent's will, or if decedent left no will, to the heirs or other persons entitled thereto under the law of the decedent's domicile, as such probate court of this state may order.'"

While that decision is not controlling, it is entitled to persuasive weight in the determination here because of its cogency and logic in dealing with the general principles of probate administration as applied to the statutes which comprised a statutory scheme not unlike the one involved in this case.

■ In view of the new Missouri provision requiring original administration of nonresident estates of personal property, the general principle that the state of the *situs* takes jurisdictional precedence has undeniable application to the case at bar. It would not be reasonable, therefore, to follow Buder v. Becker, in holding that the local depository is bound to pay over, under pain of suit, the personalty of the nonresident to the domiciliary administrator, particularly when that case relied for its decision on a required absence of original proceedings in Missouri.

■ Further, the announced purpose of the new 60-day provision does not go beyond its letter—it is to protect the firm, person, or corporation paying over the personalty after the passage of 60 days from being held liable for the Missouri debts of the decedent. As the Journal of the Missouri Bar noted, in commenting on the preceding statute, and proposing the new one:

> "The present section 473.691, RSMO. requires that when a non-resident dies leaving property in Missouri, the property cannot be released to a non-resident executor or administrator (or other person) for six months. If the decedent has a Missouri executor or administrator, it can be released to such executor immediately.

> "The original purpose of this statute was two-fold:

> " '(1) for the convenience of Missouri creditors, giving them a reasonable time to reach the Missouri assets of a non-resident debtor by petitioning for a Missouri administration of his estate and (2) to protect banks and others paying deposits and other property over to non-resident executors after the six-month period.

> " 'From the standpoint of Kansas City banks and savings and loan associations, the statute works a hardship in that it discourages the use of their facilities (safe deposit boxes and checking and savings accounts) by persons living across the state line in Kansas. Reducing the holding period to 60 days would be prejudicial to no one, and would substantially alleviate the aforestated problem. The six-months waiting period was adopted some forty years ago, when transportation and communication facilities were primitive. Today, several states (including Kansas) have no similar holding period with respect to assets of a non-resident, a situation which evidently causes no concern to their resident creditors.'" 22 J. of Mo.Bar 495, 496 (Dec.1966).

In Missouri, the debtor on a non-documentary chose in action, or on one evidenced by a document with a *situs* in Missouri, is generally not protected from local liability if he pays the debt to the foreign administrator and may be compelled to pay again to an administrator appointed in this state. Crohn v. Clay County State Bank, 137 Mo.App. 712, 118 S.W. 498. "This is probably still the rule as such a debt has a *situs* in Missouri," under Missouri jurisprudence. Maus, Missouri Estate Administration (1960). Section 473.691 would therefore have a valid and useful purpose, as announced, in protecting the local person from such double liability. It should not be extended beyond that purpose where such extension would defeat the purposes

of other statutes presently effective, which are to give this state original jurisdiction over all the assets of a foreign decedent located here. The creditors of the foreign state are sufficiently protected by Rule 52.03, Mo.R.Civ.P., V.A.M.R., and Section 507.020, which allows suits by foreign administrators or executors on debts arising in the foreign state. Added protection would defeat the original local jurisdiction intended by current Missouri law.

 Plaintiff contends that the motion to dismiss is without merit also for the reason that she can state a claim by amending her petition to state that she sues both individually and as administratrix of the decedent's estate. Such an amendment, however, could not give plaintiff a claim which would be cognizable in this case. As an individual who may have been an heir or distributee of the cestui que trust, plaintiff may have in a proper case had the right to obtain an accounting from the defendant herein. Her personal interest in the property conveyed is not here stated. However, the omission cannot prevent the dismissal of this suit in favor of the administration of the estate involved herein under Missouri law in the Missouri courts. As plead here, the trust was solely for decedent's benefit, with the purpose of it being that the defendant should hold it for him. The only interest plaintiff as an individual claims in any of the pleadings or briefs in this case is that of administratrix of the decedent's estate. Further, it is not shown that, even if plaintiff has an interest in the estate as an individual rather than as administratrix that her remedy at law would be inadequate to entitle her to an accounting.

It is therefore

Ordered that the defendant's motion to dismiss be, and the same is hereby, sustained. It is further

Ordered that the complaint herein be, and the same is hereby, dismissed without prejudice to the claim for relief.