J. N. Roach, Respondent, v. St. Louis Type Foundry, Appellant.

St. Louis Court of Appeals, February 23, 1886.

1. Practice—Contracts—Lex Loci.—The rights of parties under a contract made and to be performed in a sister state, are governed by the laws of such state, although the contract is sought to be enforced in this state.

2. —— Foreign Laws—Mortgageor and Mortgagee.—The mortgageor of personal property is entitled to its possession until foreclosure, under the laws of Texas, and a sale of the property under execution against the mortgageor, conveys the right of possession with the equity of redemption.

3. —— Condition Broken—Bailments—Conversion.—After condition broken, the mortgageor is the mortgagee's or trustee's bailee, and his denial of his bailor's title and his assertion of a right in himself, is equivalent to a conversion of the property.

4. —— Trustees—Purchasers.—Where the purchaser of mortgaged property at execution sale in Texas removes it to this state, asserting absolute title in himself, the trustee in the mortgage may maintain trover against him, in this state, for the conversion of the property.

Appeal from the St. Louis Circuit Court, George W. Lubke, Judge.

*Affirmed.*

Thomas Metcalfe, for the appellant: To maintain trover and conversion, the plaintiff must show that at the time of the conversion he had a special property in the goods converted, and the actual possession thereof, or the legal title thereto, and the right of possession. *Parker v. Rodes,* 79 Mo. 91; *Stevenson v. Fitzgerald,* 47 Mich. 166; *Stephenson v. Little,* 10 Mich. 433; *Middlesworth v. Sedgwick,* 10 Cal. 392; *Sheldon v. Soper,* 14 Johns. 352; 2 Greenl. Ev., 683, sect. 636; 7 Chit. Pl. (9 Am. Ed.) 148, 150, 151; *Clark v. Skinner,* 20 Johns.

465 ; *McCurdy v. Brown*, 1 Duer, 101 ; *Doworth v. Jones*, 4 *Id*. 201 ; *Whitcomb v. Hungerford*, 42 Barb. 177. The deed of trust under which the plaintiff asserts his right to recover is a Texas contract ; was made and was to be executed in that state, and is governed and controlled by the laws of Texas ; and the plaintiff has only such rights under the deed of trust as are given to him by the laws of Texas. *Stix v. Mathews*, 63 Mo. 371.

HENRY M. BRYAN and THOMAS K. SKINKER, for the respondent : The mortgageor of personalty may maintain replevin for it. *Barry v. Burckhartt*, 1 Mo. 418 ; *Lacey v. Giboney*, 36 Mo. 320 ; *Pace v. Pierce*, 49 Mo. 393 ; *Hall v. Harris*, 11 Tex. 300. Any wrongful act which negatives or is inconsistent with the plaintiff's rights is *per se* a conversion. *Allen v. McMonagle*, 77 Mo. 478 ; *McCoy v. Hyatt*, 80 Mo. 130.

ROMBAUER, J., delivered the opinion of the court.

The action is trover. The plaintiff is trustee in a deed of trust securing the payment of two notes, one of which is held by the defendant, the other by one Wood, whom the plaintiff represents as trustee. Both notes are overdue. The property covered by the deed of trust, consisting of type and printers' material, is in the defendant's possession in the city of St. Louis, and was demanded by the plaintiff of the defendant prior to the institution of the suit.

The defence rests on two grounds : *First*. That the plaintiff has no interest in the property because the note held by Wood is paid, and the property released from its lien by the action of Wood. *Second*. That the contract of the deed of trust is a Texas contract, made and to be performed in the state of Texas ; that the defendant is a purchaser of the property at execution sale, upon a judgment obtained against the mortgageor's vendee in the state of Texas ; that under the statute and adjudged law of the state of Texas, the mortgageor of

property continues its legal owner and entitled to its possession, until the foreclosure of the mortgage by sale or by proceedings in equity, and the purchaser from the mortgageor, either at execution sale or otherwise, is entitled to the possession of the property as well as to the equity of redemption; that the defendant being such purchaser is entitled to the possession of the property, and that the plaintiff had not, at the date of the institution of this suit, such right of property, or right of possession as entitled him to maintain this action.

The trial resulted in a verdict and judgment for the plaintiff. The evidence, on the part of the plaintiff, tended to show the execution of the deed of trust in Texas, by the original owners; the deed containing a clause authorizing the plaintiff in default of payment of the notes, to sell the property at the court house door in Weatherford, Texas, to the highest bidder, and upon receipt of proceeds, to make good and sufficient title to the property; apply part of the proceeds to the payment of expenses of sale, and the trustee's compensation; and the residue to the payment of the notes. It also tended to show that the note held by Wood was unpaid; that the defendant was in possession of the property, and that the plaintiff, prior to the institution of the suit, demanded the surrender thereof.

This evidence, under the decisions of this state, made out a *prima facie* case for the plaintiff. *Lacey v. Giboney*, 36 Mo. 320; *Pace v. Pierce*, 49 Mo. 393.

The defendant introduced evidence tending to show that the Wood note was paid, or at least that its lien was discharged by an agreement between Wood and the owner of the property. It further introduced evidence, by statute and decisions of the state of Texas, substantiating its defence, that under the laws of that state, the mortgageor and his vendees, at voluntary or judicial sale, are entitled to the possession of the property mortgaged until foreclosure; and, also, evidence tending to show

that it had taken possession of the property, as purchaser at a judicial sale, as claimed in its answer.

That the law of Texas is substantially to the effect as claimed by the defendant must be conceded. Rev. Stat. Tex. 1879, sect. 2296; *Hall v. Harris*, 11 Tex. 300; *Duty v. Graham*, 12 Tex. 427; *Whootton v. Wheeler*, 22 Tex. 338; *Willis v. Texas*, 59 Tex. 628.

Such being the case, the respective rights of the parties are to be determined by the Texas law. 2 Pars. Cont. 586; *Stix v. Mathews*, 63 Mo. 371. This, however, does not dispose of the difficulty.

As we find the law in Texas, it substantially establishes this doctrine: Where a mortgage is executed, the mortgageor and his vendees are entitled to the possession of the property until foreclosure, but such possession is not the possession of an absolute owner. After condition broken they are mere bailees of the mortgagee or trustee, with the right to redeem the property from the lien of the mortgage before foreclosure, and the implied duty to deliver it in case of foreclosure to the trustee or purchaser.

Now, if in this case the defence had rested solely on the ground that the defendant was entitled to possession as the mortgageor's vendee, because no foreclosure had taken place, it is questionable whether the plaintiff could have maintained this action, notwithstanding the removal of the property from the state of Texas to the state of Missouri.

As possession by the trustee, under the laws of Texas, is neither essential nor requisite, to make a valid sale, the plaintiff's argument, that he had a right to demand the surrender of the property for the purpose of making the sale, would have been, in such event, untenable.

The defendant, however, goes further, and in its answer disclaims any accountability for the property to the trustee, claiming that the note held by Wood was paid, or its lien discharged. In doing this the defendant repudiates its position as bailee, and sets up an adverse title

in itself exclusive of the trustee's title.   That under such circumstances an action will lie by the trustee to enforce the delivery of the property to him, has been decided in *Hall v. Harris* (11 Tex. 300), and while that was an action in equity we can see no distinction in principle between that case and this, since a repudiation of the bailment and a denial of the bailor's title will always permit the bailor to proceed against the bailee at law as for a conversion.   *Dunlap v. Hunt*, 2 Denio, 643.

The conversion consists of the wrongful act, which negatives and is inconsistent with the plaintiff's right. *Allen v. McMonagle*, 77 Mo. 478; *McCoy v. Hyatt*, 80 Mo. 130.

As the cause was tried by the court sitting as a jury, and the fact appears by the admissions of the answer, it is wholly immaterial that the instruction of the court puts stress exclusively upon the fact that the property was removed by the defendant from the state of Texas to the state of Missouri.   Without holding that the removal of property, by one occupying a trust relation beyond the jurisdiction of the state wherein as trustee he is bound to account for the property, is in itself conclusive evidence of a conversion, we are prepared to say that such removal, coupled with the subsequent assertion of an adverse exclusive ownership, is such conclusive evidence.

The declaration of law made by the trial court could, therefore, in no sense be treated as prejudicial to the defendant.

The two notes secured by the deed of trust were of equal amount.   The note held by Wood was properly admitted in evidence, notwithstanding the restrictive indorsement.   *White v. National Bank*, 102 U. S. 658.

Whether that note was paid or bought by Wood, was, under the evidence, a question of fact, and not of law.   The court found that fact for the plaintiff upon

substantial testimony, and its finding is not subject to review here.

The court further found, as a matter of fact, that the property covered by the deed of trust, and converted by the defendant to its own use, was of sufficient value to have satisfied both notes and interest. It found the plaintiff's damages at the amount, with interest, of the Wood note. As there was substantial evidence to support that finding, we could not disturb that finding for excess, even if the defendant had complained in its motion for new trial that the verdict was excessive. Still less can we do so, as the complaint is made for the first time in this court.

All the judges concurring, the judgment is affirmed.