C. R. BARNES, Respondent, v. W. W. WINN, Appellant.

Kansas City Court of Appeals, June 13, 1888.

1. PRACTICE IN APPELLATE COURTS—DUTY OF APPELLANT AS TO TRANSCRIPT, ETC.—It is the duty of the appellant to see that his transcript is made out and filed in the appellate court pursuant to the requirements of law ; and he cannot excuse himself by depending upon the clerk to perform this duty. (*McCaffery v. Railroad, ante,* p. 340, *reaffirmed.*)

2. ——— PROCEEDINGS FOR AFFIRMANCE IN APPELLATE COURT—AMENDMENT OF ACT OF 1883 ON THAT SUBJECT.—The act of 1883 (Laws of Mo. 1883, p. 122) relating to the affirmance of judgments in appellate courts, is applicable to this court. This statute was not repealed by the act of 1885 (Laws of Mo. 1885, p. 216), and the courts are not remitted back to the operation of the old rule under section 3717, Revised Statutes. It was not the design of the act of 1885 to repeal the act of 1883, but only to place this court on the same basis in this particular as the Supreme Court and the St. Louis Court of Appeals, and this had already been accomplished by operation of law.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Motion denied.*

PEAK, YEAGER & BALL and R. M. EADS, for the motion.

I. This was a motion filed by the appellee to affirm the judgment in this cause for the reason that the appellant failed to file the transcript in the case on or before the twentieth day of February, 1888, and the motion is based upon a certificate of the circuit clerk as provided in the session acts of 1883. This court sustained the motion of appellee, but filed no written opinion in the cause, merely referring to the opinion in the case of *McCaffery v. Railroad, ante,* p. 340.

II. Appellant in his original brief filed in this

cause called the attention of the court to the fact that the session acts of 1883, under which appellee's motion was filed, had been repealed by the act of 1885. Sess. Acts 1885, p. 216. And that section 3717 of the Revised Statutes, as amended by the said act of 1885, required the appellee to produce in court a transcript of the cause before he could be entitled to ask an affirmance of judgment. This court in the McCaffery case did not notice this amendment or pass upon the question raised in appellant's brief as to the sufficiency of appellee's motion for an affirmance. For this reason we ask the court to grant a rehearing in this cause, and to construe the amendment of 1885. In commenting upon the effects of an amendment of an original section, this court, in the case of *Kamerick v. Castleman*, 21 Mo. App. 590, used this language: "I understand the rule of construction in this respect to be that where a section of the statute is amended and the amendment is in such terms that it takes the place of such section, the statute in which the original section stood, as to future acts, is to be regarded as if the amended section was incorporated therein. So much so is this the rule that if by an act subsequent to the amendatory act, the section of the original statute be repealed, the amendment which stood in its stead is also thereby repealed." Applying this logic to the case at bar, it must necessarily follow that the amendment of 1883 stood upon the statute books in lieu of the original section 3717 of the Revised Statutes; and it must further follow that the amendment of 1885 as adopted, took the place of the original section 3717, as amended by the act of 1883, and that the amendment of 1885 is now and must be the only law of this state governing the matter of affirming judgments in the appellate court.

III. If this is not true, then we have the singular anomaly of two sections 3717 of the Revised Statutes, both applying to identically the same subject-matter, and one requiring the certificate of the clerk to be filed and the other requiring a transcript of the record to be

filed before an affirmance could be asked. The absurdity of this conclusion should be sufficient to demonstrate that the amendment of 1885 is the only law in this state governing the matter of the affirmance of judgments in the court of appeals. And this reasoning is in strict harmony with the conclusions of the Supreme Court of this state in the case of *State v. Roller*, 77 Mo. 120. And moreover, the amendment of 1885 is the only statute of this state which makes section 3717 especially applicable to this court, and, therefore, this amendment should govern in this cause. We insist, therefore, that inasmuch as appellee did not file a transcript of the record in this court, he has no standing here, and has no right to ask an affirmance of the judgment.

IV. This court, in the case of *McCaffery v. Railroad, supra*, found from the affidavits filed in the cause that the appellant could have filed his transcript in this court prior to the twentieth day of January, 1888, and further find that said cause could have been heard at the March term of this court, and upon this state of facts they based their judgment affirming the judgment of the court below. We submit that no such facts exist in the case at bar. The affidavits show that this appeal was perfected on the twenty-fourth day of December, 1887, just one day before Christmas. The court will take judicial notice of the fact that Christmas is observed as a holiday season by the officials of this state, and will take judicial notice of the further fact that the circuit court of this county convened on the second Monday of January for the January term. These facts alone are sufficient to suggest to the court the impossibility of the clerk preparing a transcript in this cause in connection with his other duties between the twenty-fourth day of December, 1887, and the twentieth day of January, 1888. But in addition to this all the affidavits in the cause clearly show that it was a matter of impossibility for the clerk to prepare this transcript in time to be filed prior to the twentieth day of January, 1888. If the transcript could not have been filed prior to the

twentieth day of January, 1888, then the cause could not be heard until the October term, 1888. It must follow then that the appellee has not been damaged in the slightest degree by the neglect to file the transcript at an earlier day. And even conceding that the appellant himself or his attorneys were guilty of negligence in not filing the transcript prior to the nineteenth day of February, 1888, yet the appellee has suffered no injury and no delay by reason of such negligence. Why then should such a heavy penalty be meted out to the appellant for such negligence?

*On motion for rehearing.*

PER CURIAM.—The judgment of the circuit court herein was affirmed because of appellant's failure to file in this court a transcript of the record from the circuit court fifteen days before the March term, 1888, to which term the cause was returnable. Appellant asks to have that judgment set aside; and insists, with much pertinacity, that he is not in fault.

The facts, substantially, are, that the judgment of the Jackson circuit court was rendered herein in November, 1887, and the appeal was perfected on the twenty-fourth day of December, 1887; and the case was ready for the transcript to be made out at once.

The appellant had from the twenty-fourth day of December, 1887, to the twentieth day of February, 1888, in which to file his transcript in this court, a period of nearly two months. It devolves upon him to make a reasonable showing to this court for this delay. The utmost that can be said in his favor is, that his attorney seems to have relied upon what he regarded as the duty of the clerk to make out the transcript without any special order from him, and forward the same here; that he was of the impression that he did direct the clerk to make out the transcript in time for the March term of this court. On the other hand, the affidavits of the

clerk and type-writer show that in fact no such direction was given; and that had it been given the transcript would have been completed in ample time. The affidavit of the clerk states that it is the rule of the office not to make out such transcripts unless ordered by the attorney for appellant, as it is not known otherwise but that the parties may have settled the matter, or that the appellant may have abandoned his appeal. In such case should the clerk of his own motion make out the transcript he would have no claim on the appellant for his fees.

It was long since held by the Supreme Court that it is the duty of the appellant to see that his transcript is made out and filed in the appellate court. He cannot excuse himself by depending upon the clerk to perform this duty. *Caldwell v. Hawkins*, 46 Mo. 263 ; *Reading v. Chapman*, 46 Mo. 218. This has been the uniform holding of this court. *McCaffery v. Railroad, ante*, p. 340. At all events the appellant in order to have shown proper diligence should have evinced a disposition to prosecute his appeal without delay, by calling on the clerk and requesting him to make out the transcript. Instead of this, no such order was left with the clerk until about the thirtieth day of April, 1888, over four months after the appeal was taken. We fail to discover from the showing made on this motion any reason why the appellant could not have had his transcript here by the twentieth day of January, the day on which this court made its order assigning cases for hearing on the March docket. By reason of his neglect he delays the hearing of the case for one term. What we have said respecting this matter in *McCaffery v. Railroad, supra*, is applicable to this case.

It is further urged against the action of the court in affirming the judgment, that the respondent did not present to this court a full and complete transcript of the record as required by section 3717, Revised Statutes, as amended by the act of 1885. Laws Mo. 1885, p. 216

By the act of 1883 (Laws Mo. 1883, p. 122) it is suffi-
cient, as a basis for such affirmance of judgment, for
the respondent to 'present to the appellate court the
certificate of the clerk, showing the judgment, etc., as
was done in this case.    This act is applicable to the
Kansas City Court of Appeals.  *Kamerick v. Castleman*,
21 Mo. App. 120.    But it is claimed that by the act of
1885, *supra*, the statute of 1883 was repealed, and that
the appellate courts, in this respect, are now remitted
back to the operation of the old rule under section 3717,
Revised Statutes, 1879.    We have held otherwise, in
unreported decisions, and have treated the provisions of
the act of 1883 as still in force.    Our opinion has been,
and is, that it was never the design of the legislature,
by the amendatory act of 1885, to repeal the act of 1883.
Its whole purpose was to place the Kansas City Court of
Appeals on the same basis, in this particular, as the
Supreme Court and the St. Louis Court of Appeals,
the framer of the amendment and the legislature  not
being mindful at the time, that in the act organizing
the Kansas City Court of Appeals, adopting the pro-
visions of the practice act, which embraced said section
3717, Revised Statutes, the amendatory act of 1883 was
by operation of law made applicable to the Kansas City
Court of Appeals.    The amendment of 1885, as a matter
of law, was wholly unnecessary to accomplish the pur-
pose the legislature had in view by the act of 1885.

The Supreme Court continues as heretofore, as does
the St. Louis Court of Appeals, to affirm judgments on
the clerk's certificate under the act of 1883.    Until the
Supreme Court shall hold that the act of 1885 had the
effect to repeal the act of 1883, we shall regard it as in
force, and applicable to the matter of affirming judg-
ments in this court.    If deemed important, we think we
could present many reasons, and authorities, for the
position that the effect of the act of 1885 was not to
repeal by implication the act of 1883.

. The motion is denied.