NELLE M. JOBE, ADMINISTRATRIX OF ESTATE OF NANCY J. CHAPMAN, DECEASED, APPELLANT, v. J. B. BUCK AND C. A. MOSELY, RESPONDENT.—31 S. W. (2d) 98.

Springfield Court of Appeals. September 12, 1930.

622

*Wammack, Welborn & Cooper* for appellant.

*L. R. Jones* for respondent.

SMITH, J.—This is a suit upon a promissory note for the balance due thereon. The note which was filed with the petition showed that it was dated October 16, 1914, payable to Mrs. N. J. Chapman on demand, for $1850 signed by each of the defendants, as principal, payable at the Bloomfield Bank, with interest from date at the rate of eight per cent per annum. The note provided that the signers and endorsers each waived demand, notice of protest, and that the time might be extended without notice, and that if interest be not paid annually, or when due, the same to be added to the principal and bear interest at the same rate. The following endorsements appeared on the back of the note:

"Interest paid to Oct. 16, 1915.

"Interest paid to Oct. 16, 1916.

"Interest paid to Oct. 16, 1917, 148.

"Credit by cash $925.82, 10-20, 1917 by C. A. Moseley.

"Balance due $925.00, 10-16, '17 by J. B. B.

"Int. pd. to 10-16-18.

"Int. pd. to 10-16-20    74.00.

"Int. pd. to 10-16-21    74.00

"Int. pd. to 10-16-22    74.00.

"Int. pd. to 10-16-24    153.16.''

J. B. Buck filed no answer and judgment was had against him with no appeal by him.

Defendant C. A. Moseley answered, admitting that he signed the note and that there was paid upon said note on October 20, 1917,

the sum of nine hundred twenty-five dollars and eighty-two cents, and denied each and every other allegation in plaintiff's petition contained. As a further defense the answer contained the following averments:

"Defendant, C. A. Moseley for another and further defense to plaintiff's petition as filed herein, states that he and J. B. Buck signed said instrument originally as joint makers of the same in this, to-wit: that each of said defendants was to pay one-half of the amount of said note and interest and the other defendant was to stand surety for and be bound in the capacity as surety for his co-defendant as to the remaining one-half; that such contract and agreement was known to the payee in said note, Mrs. N. J. Chapman, and that the said payee of said note, Mrs. N. J. Chapman at and prior to the execution of said note, knew that the defendant C. A. Moseley was bound as surety for his co-defendant, J. B. Buck for the other one-half of said note and interest.

"Defendant further states that thereafter and to-wit on October 16, 1917, the defendants J. B. Buck and C. A. Moseley for valuable consideration obtained an extension of the time upon and for the payment of said note by agreement with the payee of the same, Mrs. N. J. Chapman, acting by and through her duly authorized agent, so to do, extending payment to October 16, 1918.

"Defendant further answering states that thereafter and to-wit on October 20, 1917, the payee of said note, Mrs. N. J. Chapman acting by and through her duly authorized agent agreed with defendant C. A. Moseley, for valuable consideration that if he would pay his half of said note for which he was bound as principal at that time, together with the interest then due on his half of same, that she would release this defendant C. A. Moseley from any other payment upon said obligation as surety for J. B. Buck as to the other half of said note and interest; that this defendant C. A. Moseley relying upon said agreement paid on October 20, 1917, the sum of $925.82, and which said amount of $925.82 was the full amount for which this defendant C. A. Moseley was ever bound as principal, together with the interest thereon, and which said payment this defendant alleges was duly shown upon said note herein sued upon.

"This defendant further states that by reason of the foregoing allegations that he is not liable to the plaintiff for any amount upon the note sued upon herein and has not been liable for the payment of any part of said obligation since October 20, 1917, the date of his payment of $925.82, as hereinbefore set forth.

"Defendant further states that since said contract as herein alleged, releasing him from any further obligation upon said note, that all the parties to said contract of release that would be competent witnesses relative thereto, have died and by reason thereof,

this defendant cannot make proof of said contract of release in any manner except as appears by the endorsement appearing upon said note made at the time of his payment of $925.82; that he relied upon said contract of release as aforesaid, and that at the time same was entered into the defendant J. B. Buck was solvent and was easily worth sufficient property to pay off and discharge the full amount the balance due on said note, and that to wait for a period of eleven years and longer, and after valuable and competent evidence sustaining the defense of the defendant C. A. Moseley hereto has been lost to him would be inequitable and work a hardship upon this defendant; that by reason of the facts as herein alleged, the plaintiff is and should be estopped from further proceeding against the defendant C. A. Moseley in this action.

"Wherefore, defendant C. A. Moseley again having fully answered prayed to be discharged and for his costs and expenses in this behalf incurred and that in addition thereto that this court cancel the obligation herein sued upon in so far as same predicates liability against this answering defendant, and prays that this court by order and decree adjudge this defendant released and discharged from said obligation.

"This defendant further states that if the court adjudge and find that the defendant is unable to establish by competent proof the contract of release as hereinbefore alleged, then this defendant alleges that after he paid the sum of $925.82 upon said note that he was only bound for the payment of the remainder of said note as a surety thereon, the full amount of same being then due by J. B. Buck as principal; that after said balance of said note and interest became due by the said J. B. Buck, that for a valuable consideration the plaintiff's intestate agreed with the said debtor J. B. Buck to forbear the collection of said note and at which time this defendant was only bound as surety, from year to year for a great many years; that at the time of said agreements to extend said times of payment plaintiff's intestate knew that the defendant was secondarily liable for said balance due on said note and interest and made the same without the knowledge or consent of the said C. A. Moseley; that said J. B. Buck at the time said note became due, and for a number of years thereafter was solvent and a resident of the State of Missouri, and owned large amounts of real and personal property in the State of Missouri, and at any time since said note became due up until the last two years has been able to pay off and discharge the same but defendant alleges that at the time of the filing of this suit the said J. B. Buck had become financially involved and is reputed to be now in an insolvent condition.

"This defendant further states that he believed this note to be long since paid off and discharged by the said J. B. Buck, that he

has never received any notices from plaintiff's intestate or plaintiff, demanding any payment of principal or interest from him until he was served with summons in this cause on the — day of November, 1928.

"Defendant states that by reason of the foregoing allegation that the defendant herein has been discharged from the payment of any part of said obligation and again having fully answered prays to be discharged and for his costs.

"Defendant further answering states that plaintiff's cause of action as against this defendant accrued more than ten years prior to the filing of petition of plaintiff in this cause, and that by reason thereof said cause of action as against this defendant is barred by the ten year Statute of Limitations of the State of Missouri, and which said Statute of Limitations this defendant herein pleads in bar of said action.

"Wherefore, this defendant again having fully answered prays to be discharged and for his costs and expenses in this behalf incurred."

The plaintiff's reply was a general denial of the allegations in the answer.

. The cause was tried on December 20, 1928, and a verdict returned by the jury against the defendant Buck, and for the defendant C. A. Moseley, and judgment was entered accordingly.

Motion for new trial as to the verdict for Moseley was filed and overruled, and appeal taken to this court.

The plaintiff is here on several assignments of error, namely: First, permitting defendant C. A. Moseley to testify as to a contract or note made in the lifetime of the testatrix; Second, refusal to exclude all of the testimony of Moseley, except such as related to things done, contracts made and occurrences happening after the appointment of the administratrix; Third, refusal of peremptory instruction to find against both defendants; Fourth, error in modifying plaintiff's instruction No. 2; Fifth, error in giving defendant's instruction No. 5D; and Sixth, error in permitting defendant's counsel to make prejudicial comments to the jury.

We shall consider these assignments in the order above mentioned.

We have carefully considered the record in this case as to the examination of the defendant Moseley and his testimony, and the competency thereof as suggested by assignments numbered one and two, wherein his evidence was sought to be excluded under the provisions of section 5410, Revised Statutes 1919, when one of the contracting parties is dead. We think the court did not err in admitting the testimony in this instance, for the statute is not intended as an absolute bar to all testimony from the surviving contractor. Our Supreme Court has said that this statute only goes to the ex-

tent of excluding the testimony of the survivor on questions that might be subject to question by the other party if living, and the disqualification is not general but is limited to transactions between the witness and the deceased party. [Elsea et al. v. Smith et al., 273 Mo. 396, 202 S. W. 1071; See also Roberson Bro. v. Garrison Estate, 21 S. W. (2d) 202, 203, and cases cited.]

Was there any evidence, circumstantial or otherwise, that the defendant Mosely after he had paid one-half the principal and interest on October 20, 1917, was no longer considered as a principal on the note but was considered solely as surety for J. B. Buck for the other half of said note? V. W. Moran testified that the payment of $925.82 was made by defendant Moseley and that acting for Mrs. Chapman he made the entries on the note as follows: "Credit by cash $925.82, 10-20, 1917, by C. A. Moseley, balance due $925.00, 10-16, 1917, by J. B. 'Buck." and the testimony shows that all the interest payments on said note for the seven years following thereafter were made by J. B. Buck and that no payments of any kind were thereafter made by Moseley, and that no demand was ever made of him for any payment until a few days before suit was filed on November 17, 1928.

There is no question but that a contract could have been made between the parties to the note releasing Moseley as a principal and holding him as surety for Buck, if based upon a valid consideration, and whether or not such was done was a question of fact for the jury, and we think the testimony was sufficient to submit that question to the jury, and that the court did not err in refusing the peremptory instruction requested by plaintiff.

What we have heretofore said answers in part at least assignments fourth and fifth as to instructions given. Plaintiff's instruction No. 2 as modified is as follows:

"The court instructs the jury that if you find and believe from the evidence that either of the defendants made any payment on the note within ten years next prior to the 17th day of November, 1928, your verdict should be for the plaintiff and against both defendants for the amount you find due on the note, calculating interest at the rate of eight per cent compound annually, *unless you find for defendant C. A. Moseley, under the law as declared in instruction No. 5D, given for the defendant.*" The words above "unless you find for the defendant C. A. Moseley, under the law as declared in instruction No. 5D given for the defendant" were added to the instruction as requested by plaintiff, and of which modification plaintiff complains.

Defendant's instruction No. 5D is as follows:

"The court instructs the jury that if you find and believe from the evidence in this cause that as between the parties to the note sued upon herein, after October 20, 1917, the defendant C. A. Moseley,

was a surety for J. B. Buck as to the balance due on said note after the credit thereon of October 20, 1917, and if you further find and believe from the evidence in this cause that thereafter the payee in said note without the consent or knowledge of the defendant C. A. Moseley, extended the time of payment of said obligation and agreed to forbear the collection of same of the principal, J. B. Buck, from year to year and for sufficient number of times to constitute more than one extension of time for the payment of same, then you are instructed that your verdict and finding in this cause shall be for defendant, C. A. Moseley, and against plaintiff herein.''

Defendants instruction No. 5D is manifestly error. There is not a particle of testimony in this record that the plaintiff or the deceased in her lifetime, ever agreed to an extension of payment of this note to any particular time or for any fixed consideration. The payments of interest as shown on the note after October 20, 1917, if they were paid as indicated, were in every instance payments for past due interest and in not a single instance was there evidence that the interest was paid in advance, and there is not a particle of testimony to show that the payee was ever placed in a position by the payment of interest, or the extension of time so that the payee could not have brought suit on the note at any time, and there is no evi- of any kind that such an extension of time was granted by the payee in the note that would preclude the defendant as surety, if he were surety for Buck, from paying off the note and then proceeding against his principal. As we understand it in a case as contended by defendant here, there must be some consideration for the extension; the extension must be for some time certain and must be such an extension that would affect the surety in some material way in his rights of recourse against his principal, and this instruction is lacking in at least some of these material points. We are sustained in this contention by a number of decisions in this State, among them are, Citizens Bank of Senath v. Douglas, 178 Mo. App. 664, 689, 161 S. W. 601, and Citizens Bank of Union v. Hilkemeyer et al., 12 S. W. (2d) 516. In the last case above mentioned in 12 S. W. (2d) at page 517, the court uses this very pointed language, which we are following here:

''It is well-settled law that, where the holder of a promissory note gives, for a valuable consideration, the principal debtor an extension of the time of payment, the surety on the note is thereby dis- charged. But the time of the extension must be precisely and definitely fixed. It is likewise settled that the payment or promise to pay, an increased rate of interest is a sufficient consideration for a valid and binding extension. [Rucker v. Robinson, 38 Mo. 154, 90 Am. Dec. 412; Peoples Bank of Chamois v. Smith (Mo. App.), 263 S. W. 475; Newkirk v. Hays, 220 Mo. App. 514, 275 S. W. 964;

Hartman v. Redman, 21 Mo. App. 124; Steele v. Johnson, 96 Mo. App. 147, 69 S. W. 1065; Hosea v. Howley, 57 Mo. 357; Wiley v. Height, 39 Mo. 130.] It is manifest, however that the plaintiff in this case never at any time agreed to an extension of the note in suit. There is nothing in the facts to show that plaintiff ever divested itself of the power to sue at any time. There was never a time, during the long period of indulgence disclosed by this record, that the appellant as surety could not have paid off the amount due on the note, and then pursued her remedy against the principal debtor for the amount so paid.''

This case will have to be retried because of the pleadings of the statute of limitations. It was a question for the jury to determine as to whether the payments were actually made after October 20, 1917, for the payments upon the note and not the endorsements thereon, are the material facts in determining the question as to whether or not the note is barred by the statute. [Wooldridge v. Byron, 270 S. W. 658, 659; Brown v. Brown et al., 5 S. W. (2d) 644.]

While the attorney for the defendant may have gone rather far in his remarks to the jury yet we think what he said was not reversible error, but at the next trial caution should be had so as not to commit error along that line.

For the error heretofore mentioned the cause should be reversed and remanded. It is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.