## BECKER v. BUDER et al.
### No. 5883.

United States District Court
E. D. Missouri, E. D.
Nov. 21, 1949.

See also 81 F.Supp. 369.

Walter J. Schuwerk of Evansville, Ill., and William W. Crowdus and William E. Buder, both of St. Louis, Mo., for plaintiff.

Taylor Sandison of St. Louis, Mo., for defendants Gustavus A. Buder and Pontiac Realty Company.

Arthur U. Simmons, pro se.

Eugene H. Buder, of St. Louis, Mo., for defendant Oscar E. Buder.

HULEN, District Judge.

Plaintiff, non-resident executor of the estate of Herman C. Becker, sues to recover certificates respresenting 1,000 shares of stock of Burroughs Adding Machine Company. Plaintiff's claim is based on a memorandum of sale executed by G. A. Franz on June 21, 1933.[1] No specific certificates of stock are identified. On June 21, 1933 Franz had a remainder interest of 28,250 shares of Burroughs Adding Machine stock.

---

[1] "St. Louis, Missouri, June 21, 1933.

"For Value Received, I have this day sold, assigned, transferred and set over to H. C. Becker 1,000 shares of stock of the Burroughs Adding Machine Company of Michigan, of my distributive interest of 28,250 shares of said stock, now in the possession of G. A. Franz and G. A. Buder as Trustees under a trust conveyance of Sophie Franz dated January 30, 1909, to be delivered to said H. C. Becker by said Trustees immediately upon distribution thereof. It is understood that until actual possession of the stock is transferred, and delivery made to H. C. Becker, that all dividends accruing thereon will be paid by me to him.

"(Signed)      G. A. Franz

"To G. A. Franz and G. A. Buder, Trustees:

"You Are Hereby Notified of the sale of 1,000 shares of my distributive share of 28,250 shares of Burroughs Adding Machine Company stock of Michigan in your possession as set out above. You are further authorized, empowered and directed, that upon being authorized to distribute said stock, you make said delivery direct to H. C. Becker in accordance with the above sale for my account.

"(Signed)      G. A. Franz

"We, the undersigned, G. A. Franz and G. A. Buder, as Trustees under the trust conveyance of Sophie Franz, dated January 30, 1909, hereby acknowledge service of the foregoing notice of sale and agree to carry out the directions of G. A. Franz, distributee, and deliver the foregoing stock in accordance therewith to H. C. Becker.

"St. Louis, Missouri, June 21, 1933.

"(Signed)      G. A. Franz
"(Signed)      G. A. Buder
                  Trustees.

Delivery of stock by G. A. Franz was obstructed because all of the stock was held in a trust estate, under control of this Court, Franz v. Buder, 8 Cir., 11 F.2d 854; Franz v. Franz, 8 Cir., 15 F.2d 797. Franz died July 30, 1939. Herman C. Becker died October 15, 1947, a resident of the State of Illinois.

Delivery of stock in Burroughs Adding Machine Company, held in the trust estate for G. A. Franz as contingent beneficiary, is now further conditioned and contingent because: (1) G. A. Franz in addition to executing the memorandum of sale to Herman C. Becker executed a number of pledges of stock in the block of 28,250 shares to defendants and others as collateral for loans, before and after execution of certificate of sale to Becker, and it is doubtful if there are sufficient shares of stock to satisfy both the pledges and sale; (2) defendant Gustavus A. Buder is surviving trustee in the trust estate holding the stock following death of G. A. Franz who was a joint trustee, and in a suit now pending in the Court of Appeals both Gustavus A. Buder and the estate of G. A. Franz have been surcharged for acts committed by the trustees in handling the trust interest of others than G. A. Franz. The extent and effect of the surcharge on stock for distribution as the interest of G. A. Franz in the trust estate depends on final judgment in that case.

Following death of G. A. Franz, defendant Gustavus A. Buder has continued as surviving trustee, being the same person as the one who executed the acceptance of the certificate of sale to Herman C. Becker. Buder now holds "some" stock as trustee. Defendant Arthur U. Simmons is administrator cum testamento annexo of the estate of G. A. Franz. As such he holds 20,000 shares of stock in Burroughs Adding Machine Company by virtue of a partial distribution by defendant Gustavus A. Buder as trustee, on order of this Court.

In addition to seeking relief by delivery from the last two named defendants of a certificate of stock representing the 1,000 shares in issue, plaintiff would have said defendants account for dividends; an order of preference as between pledges of stock and the sale; and, failing to secure delivery of certificates of stock, plaintiff asks a money judgment. Defendants other than Gustavus A. Buder, as trustee, are joined because of their claims on the stock in suit.

Defendants (except Oscar E. Buder) present these issues: (1) jurisdiction, on the ground a non-resident executor or administrator has no standing to sue in Missouri; (2) statute of limitations, both one year non-claim statute and ten year statute; (3) merits of plaintiff's claim; (4) priority cannot be determined in this proceeding because of absence of indispensable parties; and (5) contingent effect of pending litigation concerning surcharges. Defendant Pontiac Realty Company asks for determination of priorities in favor of its alleged collateral security of stock. Defendant Oscar E. Buder seeks delivery of 3,000 shares of stock as collateral on note held by him.

■ I. Can a foreign executor sue in this Court in his representative capacity under the circumstances evidenced by the record in this case? The general rule is against the right claimed by plaintiff and applies in diversity cases in the Federal Courts in the State of Missouri.[2]

We have come to the conclusion, however, that the revision of Section 272,[3] R.S.

---

2. Turner v. Alton Banking & Trust Co., 8 Cir., 166 F.2d 305.

3. "§ 272. *Administration of estates of non-resident decedents—how and when made*

"No letters of administration shall be granted upon the estate of any decedent non-resident as to any shares of stock, bonds, credits or choses in action except upon the application of a creditor within this State or upon the showing to the Court by an ancillary administrator within this State that the lands and other personal property of such decedent within this State will not be sufficient to discharge the debts of such estate. Such application or showing shall be made in the probate court of that county in Missouri in which letters of adminis-

Mo.1939, Mo. R.S.A., creates an exception to the general rule under the circumstances of this case. This section does several things: First, it prevents local administration of certain personalty (including shares of stock) unless a resident creditor or ancillary administrator shows that other local assets of the decedent are not sufficient to discharge his debts; second, unless such showing is made within six months of the granting or refusal of letters at decedent's domicile, or of the death of decedent, such personalty may be transferred, paid or delivered to the domiciliary executor or administrator.

■ Under this statute even if a Missouri ancillary administrator were appointed to administrater the Missouri assets of a non-resident decedent, he could not administer the particular personalty covered by Section 272, in the absence of the required showing. It follows that title to such personalty must be vested in the domiciliary executor or administrator, together with the right to sue to recover or collect the same.

Although Section 272 provides only that the shares of stock, bonds, credits or choses in action *may be delivered* to the domiciliary executor or administrator, a reasonable construction leads to the conclusion, the right to *receive* must be accompanied by

the right to *demand* said personalty, if necessary to obtain receipt thereof. If we hold the domiciliary executor or administrator cannot sue, as he is here doing, we accuse the Legislature of having created a situation where there can be no local administrator with right to the property in issue and where the foreign administrator is powerless, if delivery of the personalty due him under the statute is not voluntarily made. This construction is not called for. It would lead to a denial of justice to a foreign administrator, and forefeiture of property interest. We do not think the Legislature intended to confer a right without a remedy to enforce it.

A reasonable conclusion, therefore, is that the foreign executor or administrator is entitled to sue for or upon the personalty encompassed by Section 272.[4]

The record in this case is that Herman C. Becker did not own any real estate in this State at time of his death. No application for letters of administration by any creditor has been made. There has been no application by an ancillary administrator for such letters in this State. It was more than six months after grant of letters in Illinois at the time this action was instituted.

We rule against defendants' plea to the jurisdiction.

tration might otherwise be granted, within a period of six months after the granting or refusal of letters upon the estate of such decedent at his domicile, or in the event no order refusing letters is made nor administration had upon the estate of such decedent at his domicile, then within six months after the date of death of such decedent. Unless before the expiration of such period of time an ancillary administrator within this State, pursuant to application or showing as herein provided, has made a demand for transfer, payment or delivery upon the issuer, obligor or debtor of or upon such shares of stock, bonds, credits, or choses in action, such shares of stock, bonds, credits or choses in action may be transferred, paid or delivered to or in the name of the domiciliary executor or administrator or upon his order, or to any heir, legatee, distributee or other person entitled thereto; and the person, firm or corporation or agents thereof

making such transfer, payment or delivery shall not be liable for the debts of or claims against any such decedent or his estate by reason of having made such transfer, payment or delivery. Any letters granted upon the application of a creditor under the terms of this section shall be revoked immediately upon showing to the court the satisfaction in any manner of the debt upon which such application was granted, together with all other claims, and debts filed on or before the date of such satisfaction and the payment of all court costs and fees of such proceedings. Reenacted, Laws 1943, p. 128, § 1."

4. Section 272 is discussed briefly in Pinet v. Pinet, Mo.App., 191 S.W.2d 362. We do not consider that case controlling on this issue because the statute was not before the Court and the opinion so states.

II. We pass to the defense based on statutes of limitation interposed by defendant Simmons. Defendant Gustavus A. Buder presents the main argument on this point.

■ The sales memorandum is dated June 21, 1933. By its terms delivery of the stock by the trustees holding it was conditioned as to time—"upon (the trustees) being authorized to distribute said stock". The stock in the hands of the trustees was under control of this Court and had been for many years prior to 1933. No distribution could be made except by order of Court. That situation was well known to both trustees as they were parties to the court proceeding resulting in the control order. We think it reasonable to assume that Herman C. Becker was advised of this fact. Something must have been said, between Franz and Becker, that resulted in the provision in the sales memorandum that all dividends accruing on the stock would be paid by Franz to Becker. We conclude that the order of the Court taking control of the stock should be read as a part of the sales memorandum.

■ Generally a statute of limitations begins to run when a cause of action accrues to the person asserting it. The day the injured party has a right to sue fixes commencement of running of the statute of limitations. We think this law applies here. The question is, therefore: When did Herman C. Becker, or plaintiff as his executor, have a right to make a demand under the instrument of June 21, 1933 and to enforce the demand by suit? To us the answer is plain. There was no obligation for the trustees to make delivery until they could legally do so based on an order of the Court controlling the trust estate. The sales memorandum expressly fixed "distribution" as the time of delivery. As of this date there has been no order of final distribution. There was an order of partial distribution made originally April 1, 1932 and as amended by order on March 30, 1940 distribution of 20,000 shares of Burroughs Adding Machine stock was made to Arthur U. Simmons as administrator of the estate of G. A. Franz. This stock is now held by such administrator, together with an additional 1500 shares, acquired by order of the Court, and its allocation or disposition by Arthur U. Simmons as administrator of the estate of G. A. Franz remains for future Court orders. Gustavus A. Buder, as trustee or individually, has never relinquished control of this stock and it is now held in safe-deposit box under joint control with Arthur U. Simmons. We have found no authority for this arrangement in any Court order. The earliest the statute of limitations could have started to run against plaintiff or his testator, Herman C. Becker, was March 30, 1940. This case was filed prior to the ten-year limitation period. Such is plaintiff's position.

Defendants assert that if the statute of limitations did not start to run on June 21, 1933, date of sale by Franz to Becker, then the statute of limitations did not start on March 30, 1940, because the Court order of the latter date was for a partial distribution and did not determine priorities. With this premise defendants proceed to the conclusion that the suit is prematurely instituted.

■ Prior to filing suit plaintiff made demand for the stock certificate in issue on defendants Gustavus A. Buder and Simmons. Since these two defendants refused to acknowledge any right in plaintiff by virtue of the contract of sale, even on final distribution, and in this proceeding express their position as denying any rights in plaintiff by virtue of the sales contract plaintiff can treat their conduct on the demand as an anticipatory breach of the sales contract to the extent at least of evidencing and actual controversy. While plaintiff's pleading does not in specific language seek a declaratory judgment, as a part of his remedy, we so construe the relief sought and so rule on the legal status of the parties under the sales contract. Rule 54(c), F. R. C.P.; Garland v. Garland, 10 Cir., 165 F.2d 131, 133; Nester v. Western Union, D.C., 25 F.Supp. 478; 28 U.S.C.A. § 2201; Rule 57, F.R.C.P., 28 U.S.C.A.

■ As to the defense of the one-year statute, § 182, R.S.Mo. 1939, Mo.R.S.A., for exhibiting claims, set up by defendant Simmons as administrator, in our opinion it is not applicable to this case in his favor.

When Franz died July 30, 1939 there was no basis for a claim against the estate by Herman C. Becker under the instrument of sales of stock to him. At that time all the stock was in possession of the trustees and the sales certificate contemplated a delivery by the trustees. The sale of stock was in a different category from that of pledges of stock to secure notes made by Franz. It was necessary that claims on the notes be filed against the estate and within the time allowed by statute. That was done by the note holders. When an order of partial distribution of stock was made, on March 30, 1940, of 20,000 shares, to Simmons as administrator, Simmons never obtained exclusive control of that stock but only a joint control of the stock with defendant Gustavus A. Buder. The only justification for such joint control is to protect the holders of interest in the stock. As to such stock both defendant Simmons and defendant Gustavus A. Buder occupy the position of trustees. This suit in equity is to establish plaintiff's interest in that specific property and determine priorities and is not cognizable before the probate court.[5] The one year statute does not apply to this character of action. Here the liability of the administrator is contingent on: (1) final determination of surcharge; (2) value of stock; and (3) shares still held by surviving trustee Buder.[6]

We rule against defendants on their defense based on statutes of limitation.

■ III. We conclude plaintiff has carried the burden of proof on the merits of his claim and is entitled to have his right declared and adjudged on the basis of its legality.

Signatures to the certificate of sale of June 21, 1933 are admitted. The instrument acknowledges consideration, Riddle v. Hudgins, 8 Cir., 58 F. 490. It is admitted that no stock of the Burroughs Adding Machine Company was delivered by virtue of the instrument of June 21, 1933. This instrument was found among the papers of Herman C. Becker after his death, which we conclude, under all the evidence, shows its delivery to Herman C. Becker by G. A. Franz after its execution. The instrument is complete in itself. There was tacit admission at least, during the trial, by counsel for G. A. Buder, that dividends on the stock were paid to Herman C. Becker during the lifetime of G. A. Franz. Bank records and other documents introduced tend to establish the genuineness of the document of June 21, 1933 and payment of some dividends accruing under its terms.

Oscar E. Buder testified over objection that he was a witness to the conversation between G. A. Franz and Herman C. Becker leading up to the execution of the instrument of June 21, 1933. He testified the consideration for the stock paid by Herman C. Becker to G. A. Franz was in the form of a note and was acquired by him. Cancelled checks in partial payment for the purchase of the note were exhibited by Oscar E. Buder.

■ Objection to this testimony was made, based on Section 1887, R.S.Mo. 1939, Mo.R.S.A., the Dead Man's Statute. This law provides that where one of the original parties to a contract or cause of action in issue is dead, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him. Defendants insist that Oscar E. Buder "was a party to any transaction that exists" between G. A. Franz and Herman C. Becker. We cannot agree with defendants that Oscar E. Buder was a party to the instrument on which plaintiff sues. The Missouri death statute is an enabling and not a disabling statute and supersedes the common law rule to the extent of its terms. It may be that Oscar E. Buder was interested in the transaction, by reason of the purchase of the note given by Becker to Franz, but interest of the witness does

---

5. Orr v. St. Louis Union Trust Co., 291 Mo. 383, 236 S.W. 642; Sturdy v. Smith, Mo.App., 132 S.W.2d 1033, loc.cit. 1037 [3, 4] [5–8]; Leavenworth Trust Co. v. Newman, D.C., 52 F.2d 813, loc.cit. 815[4].

6. Southern Commercial Savings Bank v. Slattery's Administrator, 166 Mo. 620, loc.cit. 632, 66 S.W. 1066; Jobe v. Buck, 224 Mo.App. 621, 31 S.W.2d 98, loc.cit. 100.

not exclude him, where the other party is dead. The statute removes the common law disability arising out of interest and confines the exclusion, in case of death, to a party to the contract or cause of action. If we are correct in this conclusion this objection is without merit.[6]

The defendant Gustavus A. Buder is not in an enviable position to contest the fact of sale under the instrument dated June 21, 1933. In a brief filed on his behalf in the case of The Denver National Bank v. Gustavus A. Buder, et al. (#498 E.D. Mo.),[7] it was represented to the District Court as follows:

"As to Herman C. Becker: On June 21, 1931, [3] Franz made an outright sale of 1,000 shares of his Burroughs stock to Becker for $9,000.00, and he gave Becker an outright assignment covering 1,000 shares. Becker was not named as a party defendant in this case. Consequently, no rearrangement of priorities between the various assignees could be made which would in any way change his position."

When this case reached the Court of Appeals it found, 8 Cir., 151 F.2d 520, loc. cit. 523:

" * * * G. A. Franz had assigned 26,-750 shares out of the 28,250 shares which he was entitled to receive, as collateral security. He had sold and assigned 1,000 shares of this stock to Herman C. Becker * * *."

Other contentions by defendants on this phase of the case are without merit.

■ IV. Plaintiff is entitled to a decree establishing the legality of the certificate of sale dated June 21, 1933 and he is entitled to possession of certificates representing 1,000 shares of capital stock of Burroughs Adding Machine Company as provided by the terms of the certificate of sale, if on any distribution and determination of priorities as to other claims against said stock and settlement of surcharges, such stock is available for distribution.

A determination cannot now be made as to priorities of claims against stock in the hands of the defendant Simmons and Gustavus A. Buder because of pendency of suits involving surcharges against the trustees and final distribution in the estate of Sophie Franz. Jurisdiction will be retained for that purpose.

Plaintiff is entitled to an order enjoining defendants last named from disposing of any stock of Burroughs Adding Machine Company in their hands without order of this Court.

The record as made in this case does not authorize a personal judgment against Gustavus A. Buder or any other defendant. The only defendant as to whom an argument can be made of personal liability is Gustavus A. Buder—this based on Gustavus A. Buder's part in securing distribution of 20,000 shares of Burroughs Adding Machine stock on the order of March 30, 1940. The history of this distribution as we glean it from the record is that G. A. Franz on March 17, 1930 petitioned for a distribution of the corpus of the trust estate following the death of Sophie Franz. On the same day the two trustees as such, Gustavus A. Buder and G. A. Franz, filed a petition asking for directions as to distribution of the trust estate. On April 31, 1932 an order of distribution was made but no actual distribution was made under it, and on March 30, 1940 an order was made—at whose instance we have been unable to determine—modifying the order of April 1, 1932. In the order of March 30, 1940 20,-000 shares of stock were ordered distributed to defendant Simmons as administrator of the estate of G. A. Franz. This order was executed in the manner heretofore referred to. Assuming that Gustavus A. Buder, as trustee and individually, remained silent at the entry of the order of March 30, 1940, as to his knowledge and agreement to make delivery of stock to Herman C. Becker under the June 21, 1933 instrument, in order to enhance his chance of better security in stock of Burroughs Adding Machine Company for loans made by him to G. A. Franz, the question still remains, has plaintiff been prejudiced by the conduct of Gustavus A. Buder. 20,000

7. No opinion for publication.

shares of stock are now in the hands of Gustavus A. Buder and defendant Simmons as administrator of the estate of G. A. Franz instead of the exclusive possession of the trustees, but in so far as this record shows the 20,000 shares of stock ordered distributed are as much subject to being applied on the sale to Herman C. Becker as of this date as it was in 1940.

If on distribution, and determination of this controversy thereby, it should be found that plaintiff has suffered a prejudice because of the conduct of Gustavus A. Buder at the time of the partial distributions, plaintiff may at that time resubmit claim of personal liability of Gustavus A. Buder.

### Cross-Claim Of Defendant Oscar E. Buder

We retain jurisdiction of the cross-claim of Oscar E. Buder and request for determination of priorities by other defendants, for the reasons above set forth.

### Motions

All motions filed by the respective parties are overruled.

### Memorandum for Order

Findings of fact, conclusions of law, and decree, in accordance with this memorandum, may be settled and submitted under the rules.

See also 88 F.Supp. 609.